IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELINA RIGMAIDEN<br>825 Pine Street<br>Bristol, PA  19020 | : : : : | |
| Plaintiff | : : | DOCKET NO. _____ |
| vs. | : : | |
| HELEN OF TROY L.P.<br>1 Helen of Troy Plaza<br>El Paso, TX 79912 | : : : : : : | JURY TRIAL DEMANDED |
| Defendant | : : : | |

# CIVIL ACTION COMPLAINT

1. Plaintiff Michelina Rigmaiden is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 825 Pine Street, Bristol, PA 19020.

2. Defendant Helen of Troy L.P. ("Helen of Troy") is a corporation with corporate headquarters and principal place of business located at 1 Helen of Troy Plaza, El Paso, Texas 79912.

. 3. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

4. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. Venue exists pursuant to 28 U.S.C. § 1391(a), (c) because defendant is subject to personal jurisdiction in this district.

6. In 2008, plaintiff acquired a Revlon Spa Moisture Stay Facial Sauna, Model No. RVS1113, manufactured, designed, marketed, distributed and sold by defendant Helen of Troy.

7. On March 19, 2009, plaintiff was using her Revlon Spa Facial Sauna when the inhaler cone became separated from the hot water reservoir, causing boiling water to spill onto plaintiff's arm, resulting in serious and permanent bodily injuries, including, but not limited to, second degree burns.

8. The inhaler cone is held in place on top of the hot water reservoir by two pins at the top of the reservoir. The pins fit into slots at the bottom of the inhaler cone. However, the inhaler cone base is too small for reservoir, such that the attachment pins fail to hold the inhaler cone in place. As a result, any lateral motion of the inhaler cone will cause it to become detached from the hot water reservoir.

9. Defendant's Revlon Spa Facial Sauna is defective and unsafe for its intended use in that the inhaler cone, which prevents the user being splashed by the water heater in the reservoir, is inadequately secured to the reservoir.

10. Defendant was negligent in making and distributing a defectively manufactured and designed Facial Sauna, which had defective warnings, instructions for use, and consumer safety features.

12. Defendant's negligence caused plaintiff Michelina Rigmaiden's injuries.

13. The Facial Sauna was distributed and sold in a defective condition in violation of Restatement (Second) of Torts § 402(A).

14. The Facial Sauna's defects were a cause of Michelina Rigmaiden's injuries.

15. Defendant designed, manufactured, distributed and sold its Facial Sauna with defective warnings and instructions in violation of Restatement (Second) of Torts § 402(B).

16. The defective warnings and instructions caused Michelina Rigmaiden's injuries.

17. Defendant violated its implied and express warranties to plaintiff by designing, manufacturing, distributing and selling a defectively manufactured and/or designed Facial Sauna containing defective warnings and instructions.

18. Defendant's breach of its implied and express warranties was a cause of plaintiff Michelina Rigmaiden's harm.

WHEREFORE, Plaintiff Michelina Rigmaiden demands judgment against defendant, jointly and severally, in an amount in excess of $150,000.00, plus interests and costs.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial of all claims and issues.

**Respectfully submitted,**

**SWARTZ CULLETON PC**

**BY:   //Christopher J. Culleton**
       **CHRISTOPHER J. CULLETON**
       **Attorney for Plaintiffs**

**Date: April 6, 2009**